UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GARY P. DAVIS,<br><br>      Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security<br>Administration,<br><br>      Defendant. | Case No. 2:13-cv-00723-LDG-CWH<br><br>**REPORT & RECOMMENDATION** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Gary P. Davis's application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. Before the Court is Plaintiff's Motion for Remand (#24), filed on December 2, 2013, the Commissioner's Opposition and Cross Motion to Affirm the Commissioner's Decision (#27), filed on January 30, 2014 and Plaintiff's Reply (#34), filed on March 28, 2014. This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)) and Local Rule IB 1-4.

## BACKGROUND

### I.   Procedural History

On April 5, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits alleging he became disabled on September 21, 2009. (A.R. 118-130).[1] His claims were denied initially on November 17, 2010, and upon reconsideration on March 3, 2011. (A.R. 68-69). On January 6, 2012, Plaintiff and his representative appeared for a hearing before an Administrative Law Judge ("ALJ"). (A.R. 23). On January 20, 2012, the ALJ issued an unfavorable decision finding the

---

[1] A.R. refers to the Administrative Record in this matter. (Notice of Manual Filing #15.)

Plaintiff was not disabled, as defined in the Social Security Act. (A.R. 34). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 22, 2013. (A.R. 1-7). On April 26, 2013, Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (#1.)

## II. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520. (A.R. 23-34). At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2013 and had not engaged in substantial gainful activity ("SGA") from September 21, 2009, the alleged onset date. (A.R. 25, Findings 1-2). At step two, the ALJ found that Plaintiff has the following severe impairments: hand tremors and anxiety. (20 CFR §§ 404.1520(c)). (A.R. 25, Finding 3). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of any condition listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 27, Finding 4). The ALJ found Plaintiff capable of performing a residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c), except he is limited to simple tasks and simple instructions. (A.R. 27, Finding 5).

At step four, the ALJ found Plaintiff unable to perform his past relevant work ("PRW") with no transferrable skills. (A.R. 33, Finding 6). The ALJ found that Plaintiff, born on August 7, 1959, was fifty years old at the time of the alleged disability onset date, which is defined as an individual closely approaching advanced age. (A.R. 33, Finding 7). The ALJ found that the claimant has at least a high school education and is able to communicate in English. (A.R. 33, Finding 8). Under 20 CFR 404.1569, 404. 1569(a), considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (A.R. 33, Finding 9). Based on all of these findings, the ALJ found Plaintiff was not disabled from September 21, 2009 through the date of the decision. (A.R. 34, Finding 10).

## DISCUSSION

## III. Judicial Standard of Review

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states,

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision of a district court affirming, modifying or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

      The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *see also Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

      Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. In reaching a decision, it is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact

without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## IV. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is currently engaging in SGA. 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limit performance of basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521;

*see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to Step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC. 20 C.F.R. § 404.1520(e). RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform pas relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it, as it is generally performed in the national economy within the last 15

---

[2] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

years, or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. § 404.1560(b) and 404.1565.  If the individual has the RFC to perform past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she is able to do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

### V.   Analysis and Findings

Plaintiff seeks reversal of the ALJ's decision for several reasons.  Plaintiff claims that the ALJ failed to make proper findings at step two as to the severity of Plaintiff's medically determinable mental impairments, and failed to make findings as to all of Plaintiff's diagnosed impairments.  Plaintiff claims that the ALJ's RFC finding was incomplete.  Lastly, Plaintiff claims the ALJ erred at step five for failing to take vocational testimony.

### A.  The ALJ's findings at step two.

Plaintiff argues that the ALJ only found that Plaintiff's hand tremors and anxiety were severe impairments, but failed to make a finding as to the severity of Plaintiff's social anxiety disorder and panic disorder with agoraphobia, and failed to even mention Plaintiff's arthritis of the thumb, and made no findings as to this impairment. The Commissioner argues that substantial evidence supported the ALJ's step two findings.

Plaintiff bears the burden of showing "that he has a medically severe impairment or combination of impairments."  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  The mere existence of an impairment, or even multiple impairments, does not establish severity.  *See Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999) ("Although the appellant clearly does suffer from diabetes, high blood pressure, and arthritis, there is no evidence to support his claim that those impairments are 'severe.'").

An impairment is "severe" if it significantly limits the ability to perform basic work activities for at least a consecutive twelve month period. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521 (an impairment is not severe "if it does not significantly limit your physical or mental ability to do basic work activities"); Social Security Ruling (SSR) 96-3p.

The ALJ specifically found that anxiety was a severe impairment. Plaintiff makes no argument that *social* anxiety disorder caused additional or different functional limitations than those the ALJ recognized for anxiety. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (claimant failed to establish error at step two because she failed to identify any functional limitations.)

The ALJ extensively discussed Plaintiff's medical mental history and the functional limitations that were considered in reaching his conclusion about the severity of mental impairments. He acknowledged the panic disorder, among others, diagnosed by both Dr. Kotler and Dr. Roldan, but noted that both had concluded that Plaintiff had only mild restriction in activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties with regard to concentration, and had experienced no episodes of decompensation of extended duration. (A.R. 26).

The ALJ further discussed and considered the diagnosis and limitations when analyzing Plaintiff's RFC. He discussed successful therapy and counseling support that Plaintiff had received and concluded that the evidence did not indicate disabling symptoms. (A.R. 29-30). He also discussed Dr. Brown's findings as well as an assessment of Plaintiff's GAF score, and concluded that Plaintiff was able to function satisfactorily and that the GAF score did not indicate disabling symptoms. (A.R. 30, and n. 4). The ALJ therefore considered any limitations posed by the panic disorder at step four. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)(finding that ALJ's error in not including bursitis as a severe impairment at step two was harmless in light of further analysis of that condition in the RFC and step four). Plaintiff makes no argument that the panic disorder caused additional or different functional limitations or impairments. The Commissioner notes that Plaintiff told the agency he left work because his temporary job ended, but admitted to consultative examining psychologist Dr. Wildman, that he left work by choice and not due to any difficulty performing the mental demands of work (A.R. 155, 225, 228), and that he had the disorder since childhood yet worked continuously for three decades (A.R. 33, 53, 143, 398 ["history of panic since childhood"]). *See Osenbrook v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001) (properly considering claimant's ability to work after sustaining the

allegedly disabling injury).

Plaintiff relies on *Hill v. Astrue,* 698 F3d. 1153 (9th Cir. 2012) for the proposition that the ALJ erred because he failed to make a finding as to the severity of Plaintiff's panic disorder. Unlike here, the panic disorder in *Hill* manifested itself with an attack which left the plaintiff in bed for five days and out of work for two weeks, and her medical records mentioned numerous other actual panic attacks. Plaintiff in this case has not met his burden to show that the panic disorder diagnosis limits his ability to perform basic work activities. Regardless, the ALJ found as part of the RFC that Plaintiff had the limited mental residual functional capacity to perform only simple tasks and instructions. (A.R. 26-27). Accordingly, the ALJ did not commit error in his assessment of Plaintiff's mental disorders.

Plaintiff makes no argument that the osteoarthritis of the left thumb was a severe impairment or that he suffered any functional limitation related to this condition, but only alleges that it was not discussed by the ALJ. Plaintiff did not allege this condition impacted his ability to work at the hearing or in function reports to the agency, and he did not report treatment apart from medication. In his discussion of Plaintiff's hand tremors, the ALJ noted that "Dr. Maningo reported the claimant could grasp, push, and pull objects with no difficulty, he could tie a knot with no difficulty; he could button and unbutton his shirt with no difficulty; and he could open a tightly closed lid jar with each hand with no difficulty." (A.R. 29). Accordingly, the ALJ did not commit error in his step two assessment of Plaintiff's left thumb.

### B. The ALJ's RFC Findings.

Plaintiff also argues that the ALJ's RFC finding is incomplete because he omitted the impairments of Panic Disorder and arthritis of the thumb. Plaintiff further argues that the ALJ failed to properly consider the testimony of Dr. Kotler and Dr. Roldan in determining the RFC, and argues that had the ALJ properly considered the opinions of these psychologists, "he would have had to include the limitations they assessed in the RFC." The Commissioner responds that the ALJ met this obligations to review all of the evidence in the record, make findings, and explain the bases for the weight given to the opinions rendered.

The RFC is not a medical, but an administrative finding left to the Commissioner. 20 C.F.R. § 404.1527(e)(2) (stating that "[o]ther opinions of issues reserved to the Commissioner" include "your residual functional capacity"); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[i]t is clear

that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity"). The ALJ must base the RFC finding on an analysis of the record as a whole. Social Security Ruling 96-8p ("RFC is assessed by adjudicators at each level of the administrative review process based on all of the relevant evidence in the case record"). A conflict in the medical opinion evidence is solely the province of the ALJ to resolve. See 20 C.F.R. § 404.1527 (the ALJ is specifically charged with a duty as a fact-finder to evaluate all of the medical opinions and resolve any conflicts); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Here, the ALJ assessed the Plaintiff's mental RFC by considering the treatment evidence, opinion evidence from consultative examining psychologist Dr. Wildman and three state agency physicians, Plaintiff's subjective complaints and testimony, and Plaintiff's daily activities (A.R. 27, 29-33). After reviewing all of this evidence, the ALJ reasonably concluded that Plaintiff had only mild difficulties in social functioning, no restriction in activities of daily living, and moderate difficulties maintaining concentration, persistence, and pace. (A.R. 27). As noted above, the ALJ found that Plaintiff had no difficulty with the use of his hands. The ALJ's RFC finding limited Plaintiff to simple tasks and instructions. (A.R. 27). The court finds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was limited to simple tasks and instructions and had only mild limitations in his ability to interact with other people. (A.R. 27).

**C.  VE testimony at step five.**

Plaintiff argues that, despite the presence of the VE at the hearing, the ALJ elected to ask no questions, and that if the Court finds that the ALJ improperly excluded one or more non-exertional impairments from Plaintiff's RFC, then the case must be remanded because the Plaintiff had non-exertional impairments which prevent the "grids" alone from being used. The Commissioner responds that the ALJ appropriately determined Plaintiff's RFC, and so the ALJ need not have taken testimony from the VE on the rejected limitation for which Plaintiff argues. Additionally, the Commissioner argues that the ALJ is not required to take VE testimony every time a claimant presents a non-exertional impairment.

The ALJ appropriately determined Plaintiff's RFC and, therefore, need not have taken testimony from a vocational expert on the rejected limitations. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ need not take testimony from a vocational expert on hypothetical

limitations that were not supported by substantial evidence or reflected in the RFC); *Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 2001) ("the ALJ did not err in omitting the other limitations that [Plaintiff] had claimed, but had failed to prove"). Instead, the ALJ reasonably applied the Commissioner's Medical Vocational Guidelines ("grids") in order to find Plaintiff not disabled (A.R. 33-34 [citing 20 C.F.R. Pt. 404, Subpt. P, App. 2 §§ 203.22, 204.00]). Because the ALJ properly determined Plaintiff's RFC, he was not required to obtain testimony from the vocational expert.

Based on the foregoing and good cause appearing,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal or Remand (#20) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (#21) be **granted.**

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that failure to file objections within the specified time, and failure to properly address and brief the objectionable issues, waives the right to appeal the district court's order and/or appeal factual issues from the order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: April 20, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**